Richard L. Elmore, Esq.
Nevada Bar Number 1405
relmore@hollandhart.com
J. Robert Smith, Esq.
Nevada Bar No. 10992
jrsmith@hollandhart.com
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
775-327-3000 (tel.); 775-786-6179 (facsimile)

*Attorneys for Defendant/Third Party Plaintiff Western Thrift & Loan*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHH MORTGAGE SERVICES, a Delaware corporation, a/k/a PHH MORTGAGE SERVICES, a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN THRIFT & LOAN, a Nevada corporation; DOES 1-10; and ROE CORPORATIONS 1-10; and ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:10-CV-001626-JCM-(PAL)<br><br>**STIPULATION AND PROTECTIVE ORDER** |
| WESTERN THRIFT & LOAN, a Nevada Corporation,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>GERALD SANDLER, an individual; MIKE KNIGHT D/B/A THE MORTGAGE GROUP, a California sole proprietor; WESLEY E. HAZLETON, JR. D/B/A D&D FINANCIAL SERVICES; a California sole proprietor; JOE DOVARRO D/B/A NATION MORTGAGE, a California sole proprietor; and DOES I-V.<br><br>Third-Party Defendants. | |

Plaintiff, PHH Mortgage Services ("PHH"), and Defendant, Western Thrift & Loan ("Western"), by and through their undersigned counsel of record, hereby stipulate and agree to the entry of the following protective order ("Stipulated Protective Order") regarding the disclosure of certain confidential financial information by Western to PHH. The parties hereby agree and stipulate as follows:

1. Within one (1) business day from the date of entry of this Stipulated Protective Order, Western shall provide PHH its audited financial statements through 2011 year end. Western shall further provide PHH with its internal financial statements through October 31, 2012. These records are collectively referred to herein as "Financial Records." Finally, Western shall provide PHH with an Affidavit, signed by an authorized officer or director of Western, which certifies that the Financial Records so provided are true, correct, accurate and complete records, that they provide an accurate representation of Western's financial condition as of the dates represented therein, that they do not contain any untrue statements or representations of a material fact, and that they do not omit any material statements or facts necessary to make the statements or facts contained therein not misleading.

2. Western shall make Jeffrey Shaffer, its Chairman, who is authorized to speak on behalf of Western and who has sufficient knowledge regarding Western's financial condition, available during business hours at PHH's reasonable request anytime between November 30, 2012 and December 5, 2012, to answer questions regarding the Financial Records. Provided, however, that PHH shall provide prior written notice to Western and its counsel of its intent to question Mr. Shaffer and Western's counsel shall have the opportunity to attend any such scheduled session. Such session may occur via a conference call set up by PHH in lieu of a personal meeting.

3. Counsel for PHH will be provided a single physical copy of the Financial Records, which single copy may be shared by PHH's counsel with representatives of PHH and may be delivered to PHH either via FedEx to PHH's representatives or via one facsimile to PHH representatives. Upon receipt of the Financial Records, PHH shall not make any additional copies or convert the Financial Records to electronic form. Each representative of PHH who

views the Financial Records shall first read this Stipulation prior to viewing the Financial Records.

4. The Financial Records are not to be duplicated or reduced to electronic form and are not to be disseminated to any person except as is set forth in paragraph 3 above.

5. On or before December 6, 2013 at 1:30 p.m. (PST), PHH and its counsel will return all copies of the Financial Records to Western unless the parties have reached a settlement of all claims in the litigation, in which case PHH and its counsel may retain the Financial Records. In the event of a settlement between the parties, PHH and its counsel will place the Financial Records in a sealed envelope marked "Confidential," with a copy of this Stipulated Protective Order attached to the sealed envelope.

6. If any third party seeks production of the Financial Records, PHH and/or its counsel will immediately advise Western and its counsel of such request to allow Western to take such actions and/or file such motions or pleadings as Western, in its sole discretion and at its sole cost, deems appropriate; provided that it shall not be a violation of this Order for PHH to produce the Financial Records in accordance with any subpoena requesting the Financial Records or as otherwise ordered by any court of competent jurisdiction so long as PHH has provided Western with at least ten (10) days notice of its intent to produce the Financial Records.

Dated: This 3 day of December, 2012.

| GERRARD, COX & LARSEN | HOLLAND & HART, LLP |
|---|---|
| /s/ James E. Shapiro | By: /s/ Richard L. Elmore |
| James E. Shapiro, Esq. | Richard L. Elmore, Esq. |
| Nevada Bar No. 7907 | Nevada Bar No. 1758 |
| 2450 St. Rose Pkwy., Suite 200 | J. Robert Smith, Esq. |
| Henderson, NV 89074 | Nevada Bar No. 10992 |
| Tel: (702)796-4000 | 5441 Kietzke Lane, Second Floor |
| Fax: (702)796-4848 | Reno, NV 89511 |
| | Tel. (775) 327-3000 |
| | Fax: (775) 786-6179 |

**ORDER**

IT IS SO ORDERED this 4th day of December, 2012.

Peggy A. Leen
United States Magistrate Judge